**IN THE UNITED STATES DISTRICT COURT**
**FOR MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIM. NO. 4:24-CR-016** |
| | : | |
| **vs.** | : | |
| | : | |
| **LEONARD CAMPBELL a\k\a "Nine"** | : | |
| **TERRY GASH** | : | |
| **RODERICK HICKS a\k\a "Bald Head"** | : | |
| **NICHOLAS FITZPATRICK** | : | |
| **AUNDRAY MORGAN a\k\a "Dre"** | : | |
| **Defendants.** | : | |
| | : | |

## PROTECTIVE ORDER LIMITING THE DISCLOSURE OF DISCOVERY MATERIALS

Based on the stipulation and agreement of the parties, and the reasons stated in the motion IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that:

1. As used herein the term "defense team" shall constitute: defense counsels, paralegals, investigators, litigation support personnel, secretarial staff, expert witnesses/consultants , and third-party vendors working for defense counsel.

2. As used in herein, the term "discovery materials" shall pertain to all materials provided by the Government in discovery in the above captioned case.

3. For purpose of this order, PII means:

   1) Home address ( house/apartment number & street name)
   2) Social Security number
   3) Date of birth
   4) Financial data including bank account numbers, credit or debit card numbers, and taxpayer identification numbers.

4.      Any and all discovery materials provided by the Government in this criminal case to the Defendant is to be used by the Defendant and his counsel solely for the purpose of allowing the Defendant to prepare his defense in this case, and neither the Defendant, defense counsel, nor any member of the defense team will disseminate, disclose, or provide discovery to anyone who is not necessary to the preparation of the defense of the above-captioned case.  This includes a prohibition of posting any discovery materials online and on social media such as YouTube, Facebook, Instagram, etc.

This applies to all discovery provided by the Government pursuant to this criminal action, regardless of whether such discovery has already been produced or will be produced in the future, and regardless of whether such discovery has or will be produced pursuant to Rule 16 or otherwise.  Similarly, in the event that any defendant produces to the Government in reciprocal discovery any document which contains PII, it is to be treated under the same conditions.

5.      Defendant is not allowed to possess the unredacted discovery materials outside the presence of counsel, or copy, the same without first redacting PII ( "standard restriction"), except that Defendant may possess and review unredacted discovery at counsel's office. Defendant may possess the wiretap audio recordings and accompanying linesheets outside the presence of counsel.  If the Defendant is detained, he shall be permitted to possess and review the unredacted discovery in an electronic format for review on a computer (or similar device) in the jail outside the presence of other inmates, if the jail allows and has the capability to accommodate such electronic review of the discovery materials.  He shall not print materials and counsel for the Defendant agrees not to provide any printed materials absent making the redactions otherwise required

herein. If the jail does not allow or have the capability for aforementioned electronic review, then the standard restriction applies. Defendant shall not copy the discovery materials nor communicate nor share the contents of those materials with anyone outside the defense team.

6.     The discovery materials in the above captioned case may be reviewed in full by the defense team, and if necessary, may be used in the trial of this case.  However, the defense team is restricted from sharing the discovery materials outside the defense team except as otherwise provided in this Order.

7.     The defense team may disclose the discovery materials to any non-expert witness it deems necessary in the preparation of the Defendants' defense.  However, such non-expert witness may not be provided a copy of the discovery materials, but may only review them with the presence of defense counsel or any co-counsel, paralegal, investigator, litigation support person, or secretary of defense counsel.  The defense team must also ensure that any PII has been redacted before showing the discovery material to such non-expert witness.

8.     The discovery materials may also be disclosed and provided to the Court (including by filing and making use of exhibits) in connection with the proceedings in the criminal case.  It shall be the responsibility of any party filing discovery material to ensure that all PII has been redacted.

9.     If any Defendant or his counsel desires to disclose or make available the discovery materials to any person not described in this ORDER or for any purpose other

than the defense of the criminal case, they must seek relief from the Court.

10.     Defense team shall not knowingly allow any other person who is not an authorized person to read the discovery materials, and shall take reasonable steps to prevent any person who is not an authorized person from reading the discovery materials.

11.     Defense team shall inform any person to whom they disclose the discovery materials of the existence and terms of this Court's order, and shall provide a copy of this order including to Defendant. Further, the defense shall take reasonable measure to inform any person to whom disclosure may be made pursuant to this Court's order of the existence and terms of this order.

12.     This Protective Order shall survive the final termination of this action, and upon termination of this action and termination of any appeal or other proceeding relating to the criminal action, counsel for each Defendant shall certify that all copies have been destroyed or return all copies of the discovery materials to the Government that are: (1) not a matter of public record; (2) not maintained for purposes of post-conviction review and representation; or (3) not maintained in defense counsel's file in accordance with the State Bar of Georgia's Rules of Professional Conduct.

IT IS SO ORDERED, this 28th day of October, 2024.

S/ Clay D. Land
CLAY D.  LAND
UNITED STATES DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA